IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YESILADA KREDI VE YATIRIM LTD.           ) | Case No.: 8:05CV01 |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | |
| ) | **PROTECTIVE ORDER** |
| ) | |
| THOMAS E. WHITMORE           ) | |
| ) | |
| Defendant and Third Party           ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | |
| ) | |
| DON DESORBO, and CARIB CAY           ) | |
| VENTURES, LTD.,           ) | |
| ) | |
| Third Party Defendants.           ) | |

I have now had an opportunity to study the respective submissions of the plaintiff and defendant on their proposed protective orders.  I have adopted something of a middle course.  It seems to me that once the identities of the third parties are kept confidential, it is unnecessary to also keep the nature of the financial dealings confidential as well.  I am also prohibiting "use," except as may be required by law or permitted by the court; if plaintiff intends or proposes to use the information other than in connection with this case, that should be brought to my attention so it can be resolved in the context of a specific controversy, rather than on a predictive basis.  Accordingly,

IT THEREFORE HEREBY IS ORDERED,

The following protective order shall apply in this case:

1. Pursuant to the Court's Order of August 8, 2005 (Filing No. 54), the parties hereby enter into this Protective Order.  The purpose of this Protective Order is to ensure that confidential information disclosed through the course of discovery in this lawsuit is not used or disclosed by Plaintiff for any purpose other than the instant litigation.

2.  For purposes of this Protective Order, the term "confidential information" shall mean the identities of person or entities that appear on documents produced by Defendant Whitmore in connection with Plaintiff's Request for Production of Document No. 2, served March 29, 2005.

3.  Plaintiff shall not disclose the confidential information to any person not a party to this litigation, during or after the pendency of this case, nor shall Plaintiff use the confidential information for any purpose other than the prosecution of this case, unless required by law or permitted by order of this court.

4.  This agreed Protective Order shall apply to Plaintiff and its agents, attorneys, and experts. Plaintiff's experts and agents, if any, must sign a document indicating their agreement to be bound by this Order before receiving any information deemed confidential pursuant hereto.

5.  The "confidential information" may be disclosed to the Court, Court personnel, jurors or mediators without prior approval of Defendant. If Plaintiff wishes to file the "confidential information" with the Court during the pendency of this case, Plaintiff shall do so only in a sealed envelope or container which clearly indicates the material is "confidential information" subject to this Protective Order.

6.  If Plaintiff wishes to use the "confidential information" or disclose the same to any person not a party to this litigation, Plaintiff must inform Defendant of its intent to do so and provide Defendant with a reasonable opportunity to object to such use or disclosure. Under no circumstances may "confidential information" be used or disclosed for purposes other than the preparation for the trial of this case. The "confidential information" may not be used in connection with any matter, controversy, mediation, arbitration or litigation now pending or later filed other than as regards the dispute(s) in this case.

7.  Plaintiff shall not make or permit the making of more copies of any "confidential information" than are reasonably necessary for the conduct of settlement negotiations, discovery, or trial preparation of this case.

8.  Upon final resolution of this case, Plaintiff shall return all copies of the "confidential information" to Defendant and shall not keep any copy of same, nor shall any agent, attorney, or expert of Plaintiff retain copies of any "confidential information."

9.  If any "confidential information" in plaintiff's possession or plaintiff's counsel's possession is sought through discovery in another judicial or administrative

proceeding, Plaintiff shall immediately notify Defendant so as to permit Defendant to seek a protective order from the appropriate court.

Dated: October 7, 2005.

BY THE COURT

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge